This is our second case of the morning. 418-0209. People of the State of Illinois v. Jesse Tatman. For the appellant, Mr. Castaneda. Close enough pronunciation? Yes. And Ms. Brooks. You may proceed. Good morning, Your Honors. May it please the Court. Your Honor, my name is Eric Castaneda. I'm with the Office of the State Appellate Defender on behalf of Mr. Jesse Tatman. Your Honors, the trial court erred not allowing Mr. Tatman a hearing on his post-trial motion for ineffective assistance of counsel. The trial court was incorrect that his post-trial motions were reserved for post-conviction proceedings. The motion was prematurely denied before allowing trial counsel, post-trial counsel, to argue the merits of his motion. In his amended post-trial motion, Mr. Tatman alleged that trial counsel was ineffective for failing to call on six material witnesses, one of which was Tim Fiscus, who was the subject of much litigation at trial. Trial counsel was ineffective for failing to obtain a video that contained material evidence for trial. And finally, that trial counsel was ineffective for failing to request that Juror 65 be dismissed for cause, where Juror 65 was a former drug counselor of Mr. Tatman. Now, the trial court incorrectly presumed that these types of claims are reserved for collateral proceedings. Our Illinois Supreme Court in People v. Veach held that there is no categorical rule that post-trial motions for ineffective assistance of counsel are reserved for post-conviction petitions. In fact, Mr. Tatman could be found to have waived those claims had he not raised them in his post-trial motions when he was aware of trial counsel's errors at trial. In People v. Mitchell, this court found that the defendant there had waived his claims for ineffective assistance of counsel for purposes of a post-conviction petition because he was aware of trial counsel's errors at trial and failed to raise those claims prior to his post-conviction petition. Although those claims involved matters that were outside the record, this court found that because the defendant was aware of trial counsel's errors, he should have raised those claims previously. Similarly here, Mr. Tatman was aware of trial counsel's errors at voir dire and at trial. Mr. Castaneda, I want to just clarify something. It's just simply a procedural question. In your brief, you mention in a couple of places that the trial court summarily dismissed the motion. As I read the record, when I look at the transcript, it doesn't look like the trial court even considered it, just ignored it, indicated it wasn't appropriate to consider it at that point. So there wasn't a dismissal, there wasn't a denial, it was just simply put to the side. Is that what happened or no? No, I think the court denied the claim summarily. It found that it wasn't the proper venue to raise its claims. Where is that then? I'm looking at the docket entry, I don't see any mention made of it being denied or dismissed, and I'm looking at the transcript of the hearing and I don't see that. Is there some place in the record you can point me to? Yes, it would be the record on page 217 of the report of proceedings. Excuse me? 217. That's what I'm looking at. So there... Where does it say that? So the court said, well, basically, these are issues that could be taken up in a post-conviction petition. I will know that they are a file, the court has considered them, and again, there's a venue for that type of proceeding, and this matter is not called for sentencing. So while the words denied were not in the court's ruling, the court didn't allow an evidentiary hearing, which was requested in Mr. Tapman's motion. So I think by implication, it was denied by the trial court. Okay, go ahead. And so, yeah, the trial court incorrectly presumed that these are preserved for collateral proceedings, and while this did not require a crankle inquiry because Mr. Tapman did retain post-trial counsel, the goals and crankle of promoting judicial economy applied to this situation as well because had the trial conducted a hearing in the closest proximity to the conclusion of trial when the issues, the facts, and circumstances surrounding Mr. Tapman's claims were fresh in the minds of all those involved, it would have been the most efficient manner to deal with these claims. Further, had the trial court conducted a hearing, it would have had the potential to limit the issues on appeal. So while Mr. Tapman had the benefit of post-trial counsel, he didn't have the benefit of the inquiry that would have been required under crankle. And it is true, as this court recognized in Rodis, that these types of hearings, post-trial hearings on claims of ineffective assistance of counsel, are routinely conducted before the trial court. And the controlling case here is People v. Shamhart. In Shamhart, the appellate court reversed the trial court's denial of defendant's post-trial motion for ineffective assistance of counsel and remanded for an evidentiary hearing because the trial court prevented the defendant from presenting evidence at the hearing on the merits of his motion to support his claims. More egregious here, while post-trial counsel was not only prevented from presenting evidence at a hearing, but he was denied a hearing altogether. And for those reasons, as in Shamhart, this court should remand this matter for an evidentiary hearing to allow Mr. Tapman to specify his claims and to present evidence on behalf of his claims. And that's what you're requesting. You're requesting a remand. You're not requesting that anything be reversed or vacated, because again, I'll go back to, it doesn't look like the trial court took affirmative action on the motion. You're asking for remand for the court to consider it in the first place. Correct, Your Honor. To the extent that there was no formal denial of the motion, then yes, we ask that it be remanded so the trial court could fully consider the motion or consider it at all. To the extent that the trial court did deny it, we ask that that be reversed, that the denial be reversed, and that again, he be allowed a hearing on the merits of his motion. And Mr. Tapman- I.e., the same result. Correct, Your Honor. Ultimately, allowing Mr. Tapman to specify his claims, develop the record, and allow the court to consider these claims of Mr. Tapman. And if we look at Mr. Tapman's claims, they do have the potential to establish ineffective assistance of counsel through an evidentiary hearing. Mr. Tapman claimed, again, that trial counsel was ineffective for failing to request that Juror 65 be removed for cause. When Mr. Tapman informed trial counsel that Juror 65 was a former drug counselor of his, and the record corroborates his claims, during voir dire, Juror 65 stated that he worked as a drug addiction counselor, but failed to mention that he knew Mr. Tapman. If we look at the PSI, it shows that Mr. Tapman participated in numerous drug addiction programs, and in fact, the trial court ordered that he be admitted into a drug addiction program as part of his sentence. And if these errors are proven, these are the types of errors by trial counsel that would require a new trial, because having knowledge of Mr. Tapman's former drug use is the type of knowledge that would overpersuade a juror into finding him guilty, especially under these circumstances where Mr. Tapman's former drug use was irrelevant to the charges that were brought against him, the charges of aggravated battery. Similarly, the remaining claims also have the potential of establishing an effective assistance of counsel to an evidentiary hearing. And for these reasons, this call should be remanded and allow an evidentiary hearing on Mr. Tapman's claims. If your honors have no other questions, I will return on rebuttal. No other questions. Thank you. We don't have time on rebuttal. Good morning, your honors. My name is Allison Page Brooks. I am here on behalf of the people. May I please the court. The state is relying on the Brandon and Boyce cases because although it is proper for a trial court to hold an evidentiary hearing on a post-trial claim of ineffective assistance of counsel, it's not required where the defendant makes unsupported claims that are based on factual allegations that are not in the record. And here, the matters that they allege, what these other witnesses would have testified to, were that his claim that juror 65 was his addictions counselor, are matters that are not contained in the record. Ms. Brooks, you're wanting the judgment to be affirmed, correct? Yes. What is the judgment that you wish to be affirmed? The judgment of conviction and sentence. Okay. Working backwards in terms of the issue in this case, Ellen is saying that it was error for the trial court to not consider the motion. In your brief, it appears that you are suggesting, you don't address head-on the trial court's failure to consider the motion or the reasoning there. You just say that the trial court could have properly denied the motion on another basis. But that presumes that the trial court denied it in the first place, right? Well, but this court reviews the judgments, not the reasoning, so the appellee can urge any ground of affirmance that is supported by the record. Well, and I use the word denial, but that's not accurate in terms of looking at your brief. In your brief, you say the defense's failure to attach a sworn affidavit was a basis for dismissing the post-trial motion's claims of ineffective assistance without an evidentiary hearing. Again, the trial court didn't dismiss the motion. It just didn't consider it in the first place, right? Well, I didn't pronounce Actual Art 217, but it's referenced in page 8 of the defense brief. And it says the court has considered them, but then said that there's a venue for that type of proceeding, and then called the matter for sentencing here. Do you consider that to be a ruling? I do as an implicit dismissal of the claims without an evidentiary hearing. It's not explicitly stated so, but by moving past that motion and proceeding straight to sentencing, that is an implicit dismissal of the claims that were raised in the motion. Is it a dismissal or is it an obliviousness and ignoring relief that was sought? Well, I think the judge's ruling, to the extent it might be relevant to this court's consideration, is more that these claims are sort of inappropriate, or it's better raised in the post-conviction hearing, so therefore... But they're not inappropriate. Exactly. You would concede that they're not inappropriate. They should be ruled on if they are raised in a supported manner, either supported by the record or supported by affidavit. Well, wouldn't it be supported by the record that... Well, I guess that would depend upon the juror's present employment. But if the record shows that one of the jurors was a drug counselor, wouldn't that give at least some pause to defendant's assertion? There is some corroboration for this in the sense that, yes, I think the voir dire established that this juror was an addictions counselor, but there's no sworn affidavit or nothing otherwise in the record that says that this juror was, in fact, defendant's addiction counselor. But why does that need to be in the record now? Not why it not need to be in the record later, or at some point you try to establish that, but what is it that says that this motion brought by defendant has to be substantiated by affidavits or any substitute matter other than his and his attorney's assertion? Shouldn't it be addressed? Well, it was signed by his attorney. The verification section was blank. He did not sign that on page C-134. So he has not personally attested to anything that was in the motion. But the Brandon case I relied on, the defense's failure to attach a sworn affidavit is the basis for dismissing his claims. Wasn't that a post-conviction case? Well, it said, whether the defendant seeks a new trial on the basis of factual allegations not in the record, the motion must be accompanied by a sworn affidavit. I'm not relying on the section of the Post-Conviction Hearing Act, which states that a defendant must attach affidavits to the post-conviction hearing, post-conviction petition. These are post-conviction. I believe this was a post-conviction case. The same thing with Du Bois. Absence of affidavit sufficient to support a ground for the motion for a new trial, that ground is on its face insufficient, may be denying without a hearing. So this is part of the motion practice, that if you allege something that is not supported by the record already, it has to be substantiated by a sworn affidavit, or you do not get an evidentiary hearing. This is just basic post-trial. This wasn't grounded or denied. This was just ignored. Well, I mean, it was acknowledged by the court, and the court moved on past it. I think that's an implicit dismissal of the claims. The claims are disposed of in that sense. I mean, I don't think that they're just still out there. If they do remain undisposed, then this Court's jurisdiction is in jeopardy, because this Court gets jurisdiction only from a final judgment. The judgment isn't final and appealable until a post-trial motion has been disposed of, because the motion directed to judgment tolls the time for appeal. So I'm not sure if this Court is contemplating a finding that this motion was not disposed of for purposes of Rule 606b, but that would require dismissal of the appeal, which means that jurisdiction never left the trial court. And by dismissing the appeal, then the jurisdiction remains in the trial court for that point to actually enter a final judgment, which means rule on the motion. But then this Court has no jurisdiction-issue instructions like to order the Court to hold an evidentiary hearing, because I guess the gist of the State's argument is, well, even if this motion's never disposed of, this Court doesn't have any authority, then, to order an evidentiary hearing. Or if... But we would have authority to remain. Well, and it says that jurisdiction never left. This Court's just simply declining to exercise jurisdiction because it never vested in the public court, because if the notice of appeal is premature, this Court never gets jurisdiction, and it remained in the trial court. But my other point was, the defendant's asking for instructions, I believe instructions, to direct the trial court to hold an evidentiary hearing. Again, remain for an evidentiary hearing. That's what they're asking for. And the State's position is that request is inappropriate, because this type of motion was not supported by either facts in the record or a sworn affidavit. So as the defense, I think, is admitting, is we don't really know what would have happened, what his witnesses would have said. It's like, well, under the Guest case, that's why we require affidavits from witnesses. If you make a claim of ineffective assistance with counsel, the Court doesn't know whether the witnesses would have testified favorably. That's why we require affidavits from witnesses. If you say your attorney is ineffective because they failed to call a witness, that's why we demand affidavits from those witnesses. So we do know that they would have testified favorably before we then hold an evidentiary hearing to see whether we believe their testimony. So in the best of all possible worlds, Judge DeFantis would have said, these are interesting claims that you bring, but you haven't substantiated them in any way by filing affidavits or anything from the record that would be in support of your assertions. And now I'm going to do one of two things. I'm either going to dismiss it, or I'm going to continue it to give you the opportunity to do that. But instead, he flippantly says, well, that kind of stuff's for another proceeding. Would you agree, in the best of all possible worlds, the first two alternatives would have been better? Yes. Yes, they would have been better. I'm not adopting the judge's reasoning as a basis for infirmis. I'm just saying that the request to remand for an evidentiary hearing is inappropriate without the motion having been substantiated. Because as far as we know, we don't know what these witnesses would have said. It just put them in a motion not even signed by the defendant. And with respect to the juror's claim, the claim about Juror 65, the defendant could have easily provided his own affidavit to the effect of claiming that that person, this juror, had been his addiction counselor. But we don't even have an affidavit from the defendant or from the juror, either one, to substantiate that. Would it be permissible for the trial court to have delved further into this in the absence of affidavits? Would the court have that discretion? I don't know the answer. It's possible that the court has inherent authority to... Address a claim of ineffective assistance to counsel. Well, I'm not sure... I'm not sure it would have been legally correct to hold an evidentiary hearing in absence of an affidavit. I didn't say an evidentiary hearing. I just said a further inquiry like it. And I hate to use the word crankle because it doesn't apply here. But sort of ask some questions. Without the state participating or with the state participating, since it's not crankle. And there's attorneys. I mean, would it... It would have cleaned this up so this would not have been an issue for appeal, probably, if he had asked some questions. Well, I assume the trial court... In an effort to see that the defendant received effective assistance of trial counsel in entertaining this sort of motion could have asked questions. Yes, I think that's something that the judge could have done. But, I mean, it's where the judge... I just wanted to get you to concede something. I understand that. But to the extent that the judge was legally required to hold an evidentiary hearing, I think the state's position is that it would absent the affidavits or support the record. So distinguishing the Schamhart is essentially a case where there was a deficient suppression motion denied on his face. And the appeal court observes that the record then supported the claim that the counsel's failure to file the amended suppression motion. So here, in Schamhart, the claim was substantiated by the record because the deficient motion was denied on his face and therefore the claim is substantiated already in the record that counsel failed to file an amended motion that would have cured the defects that caused the suppression motion to be dismissed. So that's why I guess Schamhart is directly distinguishable because here, the motion is not supported by the record and therefore affidavits are required. Are there any other questions? Yes. Before you step away there, you indicated that in fact, the trial court simply ignored the motion and didn't rule on it that we have a jurisdictional issue here. Why is that? The appellant filed notice of appeal within 30 days of the date of sentence. We have a sentencing order. I mean, we have jurisdiction. We're talking about something that preceded his sentence in action or inaction of the trial court. I don't understand why we'd have a jurisdictional problem. I understand what you're saying. If a post-trial motion was filed before sentencing, this is what I'm trying to figure out. There's a jurisdictional statement that says he was sentenced on February 20, 2018, then he filed notice of appeal March 14. I was thinking about Rule 606B, which says that a motion directed against a judgment, if it is timely filed, and a timely filed motion directed against judgment, I believe it's section 116-1 of the Code of Criminal Procedure of 1963 requires the post-trial motions to be filed within 30 days of the, I believe it's the verdict or something. So, if he files a timely post-trial motion within 30 days of the verdict under 116-1, that is a motion directed against a judgment. That may jeopardize, I'm not sure specifically a case that holds it. For example, if a post-sensing motion is not resolved, that could prevent the notice of appeal from being timely because it would be premature. Time for appeal remains told so long as an outstanding motion directed against judgment is unresolved. Any notice of appeal filed in that meantime is premature and therefore ineffective and a nonality. My understanding is that if a timely post-trial motion is unresolved, that also which I don't have a specific case to cite because I didn't really understand the jurisdiction question that might exist because my understanding of the record was that this motion was implicitly disposed of. And if it is disposed, that's all required. It's just disposed in some form. And by moving past it towards sentencing, I believe it was implicitly disposed and therefore I believe this court does have this court to affirm. Thank you, Your Honors.  Rebuttal? Thank you, Your Honors. A few brief points on rebuttal. First, the case relied on by the state voice is very distinguishable and in voice, the defendant actually was granted an evidentiary hearing. The issue there was the defendant wanted the court to issue a warrant for one of the witnesses who was the subject of his claims, which is not what we're asking here. We're just asking that Mr. Tapman's claims be heard by the trial court. And to Your Honor's concerns, Justice Harris, I do believe that the trial court almost did not at all even consider the motion altogether. And there is no jurisdictional problems as counsel conceded. And there is no requirement for affidavits. Here, the motion was filed by retained counsel who is an officer of trial motion. And the rest of the cases relied on by the state are all post-conviction cases. And as we know, the Post-Conviction Hearing Act does require affidavits. Brandon, Tate, Guest, these are all post-conviction cases where affidavits are required. There is nothing, there's no law out there that does require an affidavit to be submitted under the circumstances here with Mr. Tapman's post-trial motion for ineffective assistance of counsel. And for these reasons, we ask that you remand this matter for an evidentiary hearing for the trial court. Thank you, Your Honor. Thank you, counsel. We take this matter under advice.